IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE D. ROBINSON,

        Petitioner,                  No. CIV S-10-1391 JAM CMK (TEMP) P

    vs.

R. LOPEZ,

        Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254.  He has filed a motion for an injunction, claiming his access to legal materials has been denied since his transfer to Pleasant Valley State Prison, where he is currently incarcerated.

        A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case

1

clearly warranting it. <u>Dymo Indus. v. Tapeprinter, Inc.</u>, 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

        Petitioner has failed to demonstrate that the relief he presently seeks is essential to preserve the status quo in the underlying action. He claims that he is "in desperate need of his legal materials in order to continue his litigation." Motion at 1. However, this case has already been fully briefed and submitted for final disposition to the court. If petitioner needs to bring other matters to the court's attention in this case, he does not say what they are. Moreover, any restrictions on his access to legal materials have obviously not impeded his ability to seek relief or otherwise communicate with the court in this case, as evidenced by the instant motion and other recent submissions from petitioner. Petitioner has thus failed to demonstrate that in the absence of injunctive relief he is likely to suffer irreparable harm – either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988), citing <u>Goldie's Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 130-31 (1969); <u>FDIC v. Garner</u>, 125 F.3d 1272, 1279-80 (9th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1020 (1998); <u>Caribbean Marine</u>, <u>supra</u>, 844 F.2d at 674.

/////

If petitioner believes prison officials have unreasonably impeded his ability to litigate another case, he must bring that complaint in that case or initiate an entirely new action. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief (docket no. 27) is denied.

DATED: June 15, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

hm
robi1391.ord